IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN W.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 19 C 3412 |
| v. ) | |
| ) | Magistrate Judge |
| ANDREW MARSHALL SAUL, ) | Maria Valdez |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Brian W.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request for reversal of the Commissioner's decision is granted in part, and the Commissioner's motion for summary judgment [Doc. No. 23] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

In September 2015, Plaintiff filed a claim for DIB, alleging disability since March 31, 2015 due to epilepsy, Meniere's, hypothyroidism, adrenal deficiency, hypogonadism, panhypopituitarism, SIADH, and thrombocytopenia. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on September 26, 2017. Plaintiff personally appeared and testified at the hearing and was represented by counsel. Vocational expert Jill Radke also testified.

On February 28, 2018, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of March 31, 2015. At step two, the ALJ concluded that Plaintiff had the following severe impairments: panhypopituitarism, Meniere's disease, history of a ventriculoperitoneal shunt

placed for hydrocephalus, arachnoid cyst and degenerative disc disease of the cervical spine. The ALJ concluded at step three that his impairments, alone or in combination, do not meet or medically equal a Listing. Before step four, the ALJ determined that Plaintiff retained the RFC to perform sedentary work except he

> [C]an never climb ladders, ropes, or scaffolds; he can occasionally climb ramps/stairs; occasionally balance, stoop, or crouch; cannot ambulate on uneven terrain, should avoid exposure or use of dangerous moving machinery and unprotected heights; can perform simple, routine, and repetitive tasks; can tolerate jobs that require occasional decision making and occasional changes to the work setting; he cannot perform production rate or pace work.

(R. 17.)

At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a financial sales representative, financial advisor, and financial educator. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience and RFC, the ALJ concluded that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is

3

disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v.*

4

*Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors

5

his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ's failure to evaluate Plaintiff's mental RFC in accordance with SSR 96-8p; (2) the ALJ's failure to properly evaluate his treating physician's opinion; and (3) the ALJ's failure to evaluate Plaintiff's testimony in accordance with SSR 16-3p. The Court agrees with Plaintiff that in formulating the mental RFC assessment and posing hypotheticals to the VE, the ALJ erred in failing to incorporate a moderate limitation with regard to concentration, persistence or pace, and this error was harmful. *See O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010) (explaining that "terms like 'simple repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace").

The ALJ found that Plaintiff had the severe impairment of Meniere's disease, and that this impairment limited Plaintiff mentally as follows:

> Giving claimant every reasonable consideration, I find that his history of a ventriculoperitoneal shunt placed for hydrocephalus, suprasellar arachnoid cyst and Meniere's disease would be expected to pose some limitations on his ability to understand, remember or apply information or to concentrate, persist or maintain pace. Thus, I find moderate limitations in these two domains.

(R. 16.) Plaintiff's treating neurologist found that Plaintiff had significant limitations in multiple functional areas and would be precluded from completing even the most basic work activities. In the RFC assessment, the ALJ included that

6

Plaintiff "can perform simple, routine, and repetitive tasks; can tolerate jobs that require occasional decision making and occasional changes to the work setting; he cannot perform production rate or pace work." (R. 17.) The ALJ used similar language in the hypotheticals posed to the VE, and no hypothetical included a limitation for Plaintiff's deficits in concentration, persistence, and pace.

      The Seventh Circuit has "repeatedly rejected the notion that a hypothetical like the one here confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace." *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014) ("This failure to build an 'accurate and logical bridge' between the evidence of mental impairments and the hypothetical and the mental RFC requires us to remand for further proceedings"); *see also Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018) (quoting *O'Connor-Spinner*, 627 F.3d at 619) ("Our cases require that an ALJ 'orient the [VE] to the totality of a claimant's limitations,' including 'deficiencies of concentration, persistence and pace'"); *Radosevich v. Berryhill*, 759 F. App'x 492, 494-95 (7th Cir. 2019) (unpublished) ("[A]lthough [the plaintiff] may have the mental capacity to complete a single, simple task, the hypothetical did not capture the limitation in her ability to execute that simple task over an extended time.").

      Here, the ALJ failed to sufficiently incorporate in the RFC and hypotheticals Plaintiff's moderate limitations in the area of concentration, persistence or pace. *See Winsted v. Berryhill*, 923 F.3d 472, 477 (7th Cir. 2019) ("Though particular words

7

need not be incanted, we cannot look at the *absence* of the phrase 'moderate difficulties with concentration, persistence, and pace' and feel confident this limitation was properly incorporated in the RFC and in the hypothetical question."). First, as to the limitation related to "production rate or pace work," the Seventh Circuit has "previously rejected similar formulations of a claimant's limitations because there is no basis to suggest that eliminating jobs with strict production quotas or a fast pace may serve as a proxy for including a moderate limitation on concentration, persistence, and pace." *DeCamp v. Berryhill*, 916 F.3d 671, 675-76 (7th Cir. 2019) (citations omitted).

Furthermore, the inclusion of language only that Plaintiff "can perform simple, routine, repetitive tasks" is insufficient. *See Moreno*, 882 F.3d at 730 (finding that a limitation to work that involves simple tasks does not sufficiently account for moderate limitations in concentration, persistence or pace). The Commissioner argues that the ALJ was not required to include further limitations because no doctor opined that Plaintiff had limitations in concentration, persistence, or pace, and thus the ALJ found a limitation was not supported by the record, but Plaintiff's treating neurologist opined that Plaintiff would be precluded from performing basic work activities, would need constant unscheduled breaks every day, and would be absent from work at least four days per month. Also, contrary to the Commissioner's argument, the error is that the ALJ found a moderate limitation in concentration, persistence, or pace supported by the record, but failed to incorporate it in the RFC or the hypotheticals posed to the VE. The

8

Court is also not persuaded by the Commissioner's argument related to the distinction between skilled and unskilled jobs, considering that the limitations at issue, in concentration, persistence or pace, may impede or preclude performance of unskilled jobs as well as skilled jobs. *See O'Connor-Spinner*, 627 F.3d at 620 ("A claimant's [mental] condition may make performance of an unskilled job as difficult as an objectively more demanding job.") (citation omitted).

The ALJ's failure in this regard was not harmless. For example, the VE testified that if the hypothetical individual were off-task more than ten percent of the workday, there would be no work available. A moderate limitation in concentration, persistence, or pace, included with Plaintiff's other limitations, may render him off-task for more than ten percent of the day. Thus, on remand, the ALJ must more fully discuss Plaintiff's deficits in concentration, persistence, and pace, and if she does not include further limitations in the RFC assessment or the hypotheticals, she must fully explain why no further limitations were appropriate.

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff.[2] The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court advises the

---

[2] It is also unnecessary for the Court to address Plaintiff's related argument pertaining to the ALJ's failure to include in the RFC specific restrictions for off-task time and absences after the ALJ asked the VE questions related to off-task time and absences. However, the ALJ should re-examine this issue on remand in the context of this opinion and the directives related to concentration, persistence and pace limitations.

9

Commissioner that, on remand, special care should be taken to ensure that the ALJ remedies any possible errors in the ALJ's decision.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for reversal of the Commissioner's decision is granted in part, and the Commissioner's motion for summary judgment [Doc. No. 23] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**          **ENTERED:**

*/s/ Maria Valdez*

**DATE:**    **January 29, 2021**

                                                                              **HON. MARIA VALDEZ**
                                                                              **United States Magistrate Judge**